Warren E. Gluck
Judith R. Nemsick
Kayla A. Joyce
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
warren.gluck@hklaw.com
judith.nemsick@hklaw.com
kayla.joyce@hklaw.com
*Attorneys for Applicant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>EVANGELOS MARINAKIS<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Civil Action No. 24-Misc. _____ |

## ***EX PARTE*** **APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Applicant Evangelos Marinakis ("Applicant"), by and through his undersigned counsel, Holland & Knight LLP, respectfully submits this *ex parte* application for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery, in the form of subpoenas to be served on banking and financial institutions found within the Southern District of New York, in aid of the foreign proceeding currently pending in England (the "Application"). This Application is supported by the contemporaneously filed Declaration of Warren E. Gluck, dated October 21, 2024, (the "Gluck Declaration"), the Declaration of Christopher Scott, dated October 17, 2024, (the "Scott Declaration"), as well as the exhibits thereto, and a Memorandum of Law. Specifically, Applicant seeks to obtain relevant documents in the possession, custody and/or control of Citibank, N.A.; The Bank of New York Mellon; Bank of America, N.A.; Barclays Bank PLC;

BNP Paribas USA; Commerzbank AG, New York Branch; Deutsche Bank Trust Co. Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Société Générale, New York Branch; Standard Chartered Bank USA; UBS AG; Wells Fargo Bank, N.A.; and The Clearing House Payments Company L.L.C. (the "Respondents").

As set forth in the accompanying memorandum of law, the Application meets the three statutory requirement of Section 1782. Applicant, as the claimant in a foreign proceeding asserting defamation and unlawful conspiracy claims, seeks discovery from the Respondents—global correspondent banks and clearing houses that "reside" or are "found" in this judicial district—for use in his pending civil proceeding in England before the High Court of Justice, King's Bench Division (Claim No. KB-2024-001325) (the "English Proceeding"). *See Intel Corp. v. Micro Devices, Inc.*, 542 U.S. 241 (2004). Similarly, each of the four discretionary factors established by the Supreme Court also weigh in favor of awarding the requested discovery. *First*, the Respondents are not parties to the English Proceeding. *Second,* there is no reason to believe that the English court would not accept and consider the requested document discovery. *Third*, the requested discovery would likely be admissible in the English Proceeding and does not otherwise circumvent any proof-gathering restrictions under English law. *Fourth*, the requested discovery is not unduly burdensome because the Application is limited in scope to a specific number of Discovery Targets, as defined in the Scott Declaration, and seeks banking records pertaining to the six-month period relating to the smear campaign at issue in the English Proceeding that are easily accessible to, and held by, the Respondents in New York City.

BNP Paribas USA; Commerzbank AG, New York Branch; Deutsche Bank Trust Co. Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Société Générale, New York Branch; Standard Chartered Bank USA; UBS AG; Wells Fargo Bank, N.A.; and The Clearing House Payments Company L.L.C. (the "Respondents").

As set forth in the accompanying memorandum of law, the Application meets the three statutory requirement of Section 1782. Applicant, as the claimant in a foreign proceeding asserting defamation and unlawful conspiracy claims, seeks discovery from the Respondents—global correspondent banks and clearing houses that "reside" or are "found" in this judicial district—for use in his pending civil proceeding in England before the High Court of Justice, King's Bench Division (Claim No. KB-2024-001325) (the "English Proceeding"). *See Intel Corp. v. Micro Devices, Inc.*, 542 U.S. 241 (2004). Similarly, each of the four discretionary factors established by the Supreme Court also weigh in favor of awarding the requested discovery. *First*, the Respondents are not parties to the English Proceeding. *Second,* there is no reason to believe that the English court would not accept and consider the requested document discovery. *Third*, the requested discovery would likely be admissible in the English Proceeding and does not otherwise circumvent any proof-gathering restrictions under English law. *Fourth*, the requested discovery is not unduly burdensome because the Application is limited in scope to a specific number of Discovery Targets, as defined in the Scott Declaration, and seeks banking records pertaining to the six-month period relating to the smear campaign at issue in the English Proceeding that are easily accessible to, and held by, the Respondents in New York City.

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to Title 28 United States Code Section 1782 as this Application is for discovery involving documents located within the Southern District of New York, and such discovery is necessary to assist Applicant in his pending foreign proceeding.

2. Venue in the Southern District of New York is appropriate pursuant to Title 28 United States Code Section 1782 because the Respondents all reside or are found in this judicial district and the documentary evidence being sought is presently in this jurisdiction and in the possession, custody and/or control of the Respondents.

3. This Court has personal jurisdiction over the Respondents, who either maintain headquarters or clearing centers for U.S. dollar-denominated transactions in New York City, as explained in greater detail in the Gluck Declaration, with offices at the following addresses:

    a. The Clearing House Payments Company, L.L.C. maintains headquarters at 1114 Avenue of The Americas, 17th Floor, New York, NY 10036;

    b. Citibank, N.A. maintains its global headquarters at 388 Greenwich Street, New York, NY 10013;

    c. The Bank of New York Mellon maintains its headquarters at 240 Greenwich Street, New York, NY 10286;

    d. Bank of America, N.A. maintains its Bank of America Tower at One Bryant Bark, New York, NY 10036;

    e. Barclays Bank PLC maintains several branches in New York City, including at 200 Park Avenue, New York, NY 10016;

    f. BNP Paribas USA maintains headquarters at 767 7th Avenue, New York, NY 10019;

    g. Commerzbank AG, New York Branch is a branch of a major German bank which provides U.S. clearing services in the United States and is located at 225 Liberty Street, New York, NY 10281;

    h. Deutsche Bank Trust Company Americas maintains headquarters at 1 Columbus Circle New York, NY 10019;

i. HSBC Bank USA, N.A. maintains headquarters at 66 Hudson Blvd. E, New York, NY 10001;

j. JPMorgan Chase Bank, N.A. maintains its corporate headquarters at 383 Madison Avenue, New York, NY 10017;

k. Société Générale, New York Branch is a French Bank and maintains its head U.S. office at 245 Park Avenue, New York, NY 10167;

l. Standard Chartered Bank, USA is a New York branch of a major English bank that maintains its headquarters at 1095 Avenue of the Americas, New York, NY 10036;

m. UBS AG maintains its headquarters at 1285 Avenue of the Americas, New York, NY 10019; and

n. Wells Fargo Bank, N.A. at 666 Third Avenue, New York, NY 10017.

## **THE DISCOVERY TARGETS**

4. Applicant seeks discovery with respect to documents located in this District for use in the English Proceeding against individuals and entities that worked together from October 1, 2023 through March 31, 2024 to launch a media smear campaign that targeted Applicant with extensive defamatory advertisements on various platforms and was deliberately designed to conceal their involvement and financial backing (the "Smear Campaign"). As described in further detail in the Scott Declaration, Applicant has thus far identified four individuals and/or entities behind the Smear Campaign, and they are named in the English Proceeding (the "English Defendants"). Applicant has obtained limited disclosures regarding certain affiliated bank accounts (together with the English Defendants, the "Discovery Targets") tied to transactions in the Smear Campaign, involving U.S. dollar-denominated wire transfers and payments among and between the English Defendants and to Harris Media, LLC.

5. The Discovery Targets, which include the English Defendants, are:

a. Irini Karipidis ("Karipidis"), the president and managing director of Amani Swiss and the apparent ringleader behind the Smear Campaign;

4

b. Amani (Swiss) Cyprus Limited ("Amani Swiss"), a limited company, incorporated in Cyprus that Karipidis used as a conduit for payments in the Smear Campaign;

c. Ari Harow ("Harow"), CEO of Sheyaan Consulting and a prominent Israeli political consultant who had previous connections to Karipidis and introduced her to Harris Media, the Texas-based digital marketing company that Karipidis and Harow hired to run the Smear Campaign;

d. Sheyaan Consulting Ltd ("Sheyaan Consulting"), a company incorporated in Israel that made payments to Harris Media in relation to the Smear Campaign;

e. Account Number 004780771859, the Bank of America, N.A. account associated with Harris Media (the "Bank of America Account");

f. Account Number GR25034002200220, the Optima Bank S.A. account associated with Amani Swiss (the "Optima Bank Account"); and

g. Account Number GR1002602310000030201118136, the Eurobank S.A. account associated with Amani Swiss (the "Eurobank Account").

6. As is established in the accompanying materials, the Respondents possess documents relevant to the English Proceeding, including but not limited to wire transfer information of the Discovery Targets.

7. This information will be directly used to adjudicate the English Proceeding against the English Defendants and identify all transactions and parties behind the Smear Campaign, which will also allow Applicant to uncover the identities of the unknown co-conspirators and name these entities and/or individuals as additional defendants in the English Proceeding.

8. Granting this Application will further the statute's twin goals of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign courts by example to provide similar means of assistance to our courts.

## REQUEST FOR RELIEF

WHEREFORE, pursuant to 28 U.S.C. § 1782, Applicant respectfully requests that this Court enter an Order:

A. Authorizing Applicant to conduct limited discovery pursuant to 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure in the form of production of relevant documents and information held by the Respondents, within the jurisdiction of this Court and as set forth in the Proposed Order;

B. Directing the Respondents to comply with any discovery authorized by this Court's Order in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

C. Appointing the undersigned counsel to issue appropriate subpoenas to obtain the discovery authorized by this Court's Order;

D. Providing that this Court shall retain jurisdiction over this matter as is necessary to enforce the terms of any discovery authorized by this Court's Order; and

E. Granting Applicant such other and further relief as the Court deems just, equitable, and proper.

Dated: New York, New York
October 21, 2024

HOLLAND & KNIGHT LLP

By:   */s/ Warren E. Gluck*
     Warren E. Gluck
     Judith R. Nemsick
     Kayla A. Joyce
     787 Seventh Avenue, 31st Floor
     New York, New York 10019
     Telephone: (212) 513-3200
     warren.gluck@hklaw.com
     judith.nemsick@hklaw.com
     kayla.joyce@hklaw.com
     *Attorneys for Applicant*