Warren E. Gluck
Judith R. Nemsick
Kayla A. Joyce
HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
warren.gluck@hklaw.com
judith.nemsick@hklaw.com
kayla.joyce@hklaw.com
*Attorneys for Applicant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>EVANGELOS MARINAKIS<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Civil Action No. 24-Misc. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>*EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782</u>**

**TABLE OF CONTENTS**

                                                                                                                                                  **Page**

PRELIMINARY STATEMENT ..................................................................................................1
BACKGROUND ............................................................................................................................2
      I.      Factual Background ...............................................................................................2
      II.     Nature of Discovery Sought ...................................................................................4
ARGUMENT ..................................................................................................................................5
      III.    STANDARD FOR GRANTING RELIEF ..............................................................5
      IV.    THE STATUTORY REQUIREMENTS OF SECTION 1782 ARE
              SATISFIED .............................................................................................................7
              A.     Applicant Is An "Interested Person" In A Foreign Proceeding. ..................7
              B.     The Respondents Reside Or Are Found In This District .............................8
              C.     The Discovery Sought Is For Use In A Foreign Proceeding. ......................9
      V.     THE DISCRETIONARY FACTORS FAVOR GRANTING THE
              APPLICATION .....................................................................................................10
CONCLUSION .............................................................................................................................13

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Abraaj Inv. Mgmt. Ltd.*,
  20-MC-229 (VSB), 2023 WL 2674752 (S.D.N.Y. Mar. 29, 2023).........................................6, 8

*In re Application of Hornbeam Corp.*,
  No. 14-mc-424, 2017 WL 2241522 (S.D.N.Y. May 22, 2017)..................................................12

*In re Application of Patokh Chodiev*,
  21 Misc. 423 (AT), 2021 WL 3270042 (S.D.N.Y. July 30, 2021) ...........................................11

*In re Batbold*,
  21-MC-218 (RA) (OTW) 2021 WL 4596536 (S.D.N.Y. Oct. 6, 2021) ...................................11

*In re Bloomfield Inv. Res. Corp.*,
  18 MC 2608, 2018 WL 6418421 (E.D.N.Y. Dec. 6, 2018)......................................................11

*In re BNP Paribas Jersey Tr. Corp.*,
  18-mc-00047 (PAC), 2018 WL 895675 (S.D.N.Y. Feb. 14, 2018)..........................................11

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012).........................................................................................................7

*In re Catalyst Managerial Servs., DMCC*,
  680 F. App'x 37 (2d Cir. 2017) ................................................................................................12

*In re Del Valle Ruiz*,
  342 F. Supp. 3d 448 (S.D.N.Y. 2018), *aff'd,* 939 F. 3d 520 (2d Cir. 2019)..............................5

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019)........................................................................................................8

*In re Ernesto Andrade Group*,
  23 Misc. 424 (VSB) (GWG), 2024 WL 195568 (S.D.N.Y. Jan. 18, 2024)...............................8

*Esses v. Hanania*,
  101 F.3d 873 (2d Cir. 1996).....................................................................................................11

*In re Fed. Republic of Nigeria*,
  21 Misc. 7 (JGK) (VF), 2022 WL 4234556 (S.D.N.Y. Sept. 14, 2022).................................10

*In re Fernando Celso De Aquino Chad*,
  19MC261, 2019 WL 2502060, at *3 (S.D.N.Y. June 17, 2019) ...............................................9

*In re Godfrey*,
    526 F. Supp. 2d 417 (S.D.N.Y. 2007)..................................................................................8

*In re Golden Meditech Holdings Ltd.*,
    24 Misc. 24 (DEH), 2024 WL 1349135 (S.D.N.Y. Mar. 29, 2024) ......................................6, 9

*Gushlak v. Gushlak*,
    486 F. App'x 215 (2d Cir. 2012) ...........................................................................................6

*In re Hornbeam Corp.*,
    722 F. App'x 7 (2d Cir. 2018) ...............................................................................................6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2007).................................................................................................... *passim*

*In re Inv. Bank PSC*,
    567 F. Supp. 3d 449 (S.D.N.Y. 2021)..................................................................................9

*In re JSC BTA Bank*,
    577 F. Supp. 3d 262 (S.D.N.Y. 2021), *appeal dismissed* (May 10, 2022) ..........................8, 11

*Maubeni Am. Corp. v. LBA Y.K.*,
    335 F. App'x 95 (2d Cir. 2009) ...........................................................................................10

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015)....................................................................................9, 10, 11, 12

*In re Metallgesellschaft*,
    121 F.3d 77 (2d Cir. 1997)................................................................................................7, 10

*Nike, Inc v. Wu*,
    349 F. Supp. 3d 310 (S.D.N.Y.), *aff'd* 349 F. Supp. 3d 346 (S.D.N.Y. 2018) ..........................9

*In re O'Keeffe*,
    650 F. App'x 83 (2d Cir. 2016) ............................................................................................6

*In re Rodriguez Guillen*,
    20 Misc. 102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020) .........................................9

*In re XPO Logistics, Inc.*,
    No. 15-mc-205, 2017 WL 2226593 (S.D.N.Y. May 22, 2017) ..............................................11

**Statutes**

28 U.S.C. § 1782................................................................................................................ *passim*

28 U.S.C. § 1782(a) .................................................................................................6, 10, 11

**Other Authorities**

Fed. R. Civ. Proc. 26 ........................................................................................................12

Evangelos Marinakis ("Applicant"), by and through his undersigned counsel, Holland & Knight LLP, respectfully submits this memorandum of law in support of his *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 ("the "Application").

## PRELIMINARY STATEMENT

Applicant submits this Application pursuant 28 U.S.C. § 1782, seeking an Order authorizing discovery from certain entities found in the Southern District of New York that are in the business of providing banking services and processing wire transfers in New York City,[1] for use in his pending foreign civil proceeding in England. In the English proceeding, Applicant asserts a defamation and unlawful conspiracy claim against four known co-conspirators that waged a coordinated smear campaign against him (the "English Proceeding").

Beginning in early October 2023, known and unknown individuals began organizing an anonymous smear campaign against Applicant, deliberately designed to conceal their involvement and the financial transactions funding the extensive defamatory publications and advertisements on various platforms that continued through March 31, 2024 (the "Smear Campaign"). Applicant brings this Section 1782 application to obtain limited, relevant discovery from the New York City correspondent banks and clearing houses that facilitated interbank fund transfers relating to the co-conspirators and their anonymous smear campaign, as well as documents relating thereto. Specifically, Applicant seeks an order authorizing him to issue and serve successive subpoenas for intermediate bank discovery evidence in order to trace and obtain records of all U.S. dollar-denominated wire transfers between October 1, 2023 and March 31, 2024 that reference the

---

[1] Applicant seeks discovery from Citibank, N.A.; The Bank of New York Mellon; Bank of America, N.A.; Barclays Bank PLC; BNP Paribas USA; Commerzbank AG, New York Branch; Deutsche Bank Trust Co. Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Société Générale, New York Branch; Standard Chartered Bank USA; UBS AG; Wells Fargo Bank, N.A.; and The Clearing House Payments Company L.L.C. (the "Respondents"). Declaration of Christopher Scott ("Scott Decl."), ¶ 2.

Discovery Targets[2] – information that is crucial to the adjudication of Applicant's defamation and unlawful conspiracy claims in his pending lawsuit in England.

This Application, seeking discovery in aid of the English Proceeding, satisfies all of the statutory prerequisites of Section 1782 along with the discretionary factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* Specifically, Applicant is the claimant in a foreign action, the financial and banking institutions from whom discovery is sought are each found within the Southern District of New York, and the discovery sought – namely, records relating to U.S. dollar-denominated wire transfers and payments processed through the Respondents where the Discovery Targets were the recipients, beneficiaries, or otherwise referenced in wire transfers between one another – will uncover the full scale of the transactions in the Smear Campaign and enable Applicant to identify and name other co-conspirators in the English Proceeding. For the reasons set forth below, Applicant respectfully requests that this Court grant the Application.

## BACKGROUND

### I. FACTUAL BACKGROUND

The facts giving rise to this Application are set forth in detail in the Declaration of English counsel Christopher Scott, dated October 17, 2024, and are incorporated herein by reference.

Applicant is a Greek national. Scott Decl. ¶ 4. He is a successful businessman who is particularly well-known since 2017 for his involvement in and ownership of Nottingham Forest Football Club, through NF Football Investments Ltd, which is a hugely popular and well-supported

---

[2] The following individuals, entities, and bank accounts are the "Discovery Targets": (i) Irini Karipidis ("Karipidis"); (ii) Ari Harow ("Harow"); (iii) Amani Swiss (Cyprus) Limited ("Amani Swiss"); (iv) Sheyaan Consulting Ltd ("Sheyaan Consulting"); (v) Account Number 004780771859, the Bank of America, N.A. account associated with Harris Media (the "Bank of America Account"); (vi) Account Number GR25034002200220, the Optima Bank S.A. account associated with Amani Swiss (the "Optima Bank Account"); and (vii) Account Number GR1002602310000030201118136, the Eurobank S.A account associated with Amani Swiss (the "Eurobank Account"). Scott Decl. ¶ 25.

2

professional association football club that competes in the English Premier League, the top tier of English football. *Id.* Through his companies he is the majority owner of Nottingham Forest Football Club, attending games and other events as a prominent public figurehead for the club. *Id.*

The English Proceeding arises outs of an extensive media smear campaign organized in early October 2023 by known and unknown individuals. *Id.* at ¶ 5. Through March 24, 2024, the co-conspirators coordinated and orchestrated the Smear Campaign that targeted Applicant in his capacity as owner of the Nottingham Forest Football Club, employing various defamatory publications and advertisements on anonymously operated websites and social media accounts falsely purporting to be grassroots, fan-led campaigns and deliberately concealing their involvement. *Id.* at ¶¶ 5-7.

Through disclosure obtained against intermediaries involved with facilitating the Smear Campaign in different proceedings in England, Applicant learned that Harris Media LLC ("Harris Media") was hired by the co-conspirators to run the campaign. *Id.* at ¶ 8. In subsequent proceedings in Texas, Applicant obtained disclosure from Harris Media regarding the operation of the Smear Campaign. *Id.* at ¶ 9. The disclosure from Harris Media included emails and banking statements, which revealed that at least two individuals, Karipidis and Harow, were involved with various projects and publications for the Smear Campaign and then used at least two conduit entities to facilitate payments and transactions for Harris Media's work. *Id.* at ¶¶ 10-11. Specifically, Karipidis made payments through a Cypriot entity, Amani Swiss, of which she was president and managing director; Harow made payments through an Israeli entity, Sheyaan Consulting, where he served as CEO. *Id.* at ¶¶ 11, 20.

In short, these various emails and banking statements show that plans were underway in October 2023[3] to launch the Smear Campaign, and Harris Media began carrying out the campaign over social media in November 2023. *Id.* at ¶¶ 13-14. Applicant also learned that Karipidis authorized Amani Swiss to pay Harris Media in two installments relating to certain advertisements posted on the X account in November and December 2023. *Id.* at ¶¶ 14-16, 20. She also worked with Harow, with whom she had a pre-existing relationship, to facilitate other payments to Harris Media as part of the Smear Campaign through his company Sheyaan Consulting. *Id*. at ¶¶ 11, 20.

## II.   NATURE OF DISCOVERY SOUGHT

Applicant seeks to obtain relevant and probative evidence from Respondents for the adjudication of Applicant's defamation and unlawful means conspiracy claim in the English Proceeding. Specifically, he seeks to obtain disclosure from the banking institutions and clearing houses in New York City relating to transactions or transfers for the advertising services between and among the Discovery Targets and concerning the identity of other individuals and/or entities who conspired with the known defendants in the English Proceedings (the "English Defendants") to implement the Smear Campaign. *Id.* at ¶¶ 25-27. The wire-transfer records should identify wire transfers where the Discovery Targets and their corresponding bank accounts are listed as the recipients of each of wire transfer, as well as where the Discovery Targets and their corresponding bank accounts are listed as originators of transfers to those involved in the campaign. *Id.* at ¶ 27. Wire transfer records pertaining to this information will help Applicant identify the individuals and entities to add as defendants in the English Proceeding and also assist in tracing the other transactions funding the Smear Campaign. *Id.* at ¶ 26.

---

[3] *See* Bank of America Account invoice, dated October 13, 2023, in the amount of EUR 29,945, which was billed to Amani Swiss for "1st Month Consulting." *See* Ex. 2 to Scott Decl., at 1.

4

Based on the records that Applicant has managed to obtain to date, evidence pertaining to the Discovery Targets will be relevant, important, and useful to Applicant's adjudication of the pending English Proceeding. *Id.* at ¶ 27.

None of the information requested has been made available to Applicant, nor is it readily available to Applicant in the English courts. *Id.* at ¶ 29; *see also* Declaration of Warren E. Gluck, dated October 21, 2024 ("Gluck Decl."), ¶¶ 12-13. Nor would granting the assistance requested by Applicant offend any foreign jurisdiction or circumvent any proof-gathering rules under English law. Scott Decl. ¶ 30. Moreover, there is no English rule of evidence that would prevent discovery obtained under 28 U.S.C. § 1782 from being used in the English Proceeding. *Id*.

The discovery sought is not intrusive or unduly burdensome because it is limited in scope. Applicant seeks limited records relating to wire transactions for which Respondents were involved as originating bank, beneficiary bank, intermediate or correspondent bank to Clearing House Interbank Payment Systems (CHIPS), or where the Respondents otherwise facilitated interbank fund transfers, or where the Discovery Targets were the recipients or facilitators of transactions in U.S. dollars, as well as documents related thereto, for the narrow timeframe between October 1, 2023 and March 31, 2024. *Id.* at ¶ 31.

## ARGUMENT

The Court should grant this *ex parte* Application because Applicant satisfies each of the enumerated statutory requirements for a Section 1782 action and the discretionary factors all weigh in favor of the requested relief.

### III. STANDARD FOR GRANTING RELIEF

Section 1782 was designed "to liberalize the assistance given to foreign and international tribunals." *In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 453 (S.D.N.Y. 2018), *aff'd,* 939 F.3d 520 (2d Cir. 2019). The statute provides that, upon the application of an interested person, a federal

5

district court may order discovery for use in a foreign proceeding from persons residing or found in the court's judicial district. 28 U.S.C. § 1782(a).  "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*." *In re Golden Meditech Holdings Ltd.*, 24 Misc. 24 (DEH), 2024 WL 1349135, at *1 n.1 (S.D.N.Y. Mar. 29, 2024) (quoting *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012)); *In re O'Keeffe*, 650 F. App'x 83, 85 (2d Cir. 2016) (same).[4]

Section 1782(a) has three *prima facie* statutory requirements. *First*, the applicant must be an "interested person" in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2007). *Second*, the person from whom discovery is sought must reside or be found in this District. *Id.*  *Third*, the discovery must be for use in a proceeding before a foreign or international tribunal. *Id.*

When all three prerequisites are met, the decision to grant discovery rests with the district court, whose discretion is guided by four factors (the *Intel* factors) articulated by the Supreme Court: (i) whether the person from whom discovery is requested is a participant in the foreign proceeding; (ii) the nature of the foreign tribunal, the character of those proceedings, and the tribunal's receptivity to the federal court's assistance; (iii) whether the applicant is attempting to circumvent discovery restrictions or policies of the foreign tribunal; and (iv) whether the discovery sought is unduly intrusive or burdensome. *Id.* at 264-65.  The Second Court has repeatedly emphasized that this discretionary analysis must consider the "twin aims" of the statute: "providing efficient means of assistance to participants in international litigation in our courts and encouraging

---

[4] Courts in the Second Circuit routinely grant Section 1782 applications on an *ex parte* basis. *See In re Abraaj Inv. Mgmt. Ltd.*, 20-MC-229 (VSB), 2023 WL 2674752, at *2 (S.D.N.Y. Mar. 29, 2023) (granting *ex parte* application and noting that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash") (internal quotation and citation omitted); *In re Hornbeam Corp.*, 722 F. App'x 7, 10 (2d Cir. 2018) (explaining that the Second Circuit has "decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application").

6

foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012) (quoting *In re Metallgesellschaft*, 121 F.3d 77, 79 (2d Cir. 1997)).

The Court should grant this Application because the statutory requirements are met and the discretionary considerations favor the Application.

## IV.   THE STATUTORY REQUIREMENTS OF SECTION 1782 ARE SATISFIED

In providing guidelines for assessing whether to grant discovery assistance, the Supreme Court adopted a liberal interpretation of the statute. *Intel*, 542 U.S. at 259. This Application easily satisfies the statutory requirements set forth in Section 1782:  Applicant is an interested person to a pending foreign proceeding; the persons from whom discovery is sought (banking and financial institutions in New York City that routinely process U.S.-dollar denominated wire transfers) are found in this District; and the evidence is sought for use in the foreign proceeding pending in England.

### A.   Applicant Is An "Interested Person" In A Foreign Proceeding.

*First*, Applicant is an "interested person" in the English Proceeding. Specifically, he initiated the English Proceeding seeking recovery against the English Defendants who by unlawful means conspired to publish false and defamatory allegations, employing deliberate efforts to conceal their responsibility for said allegations. Scott Decl. ¶¶ 5-7. As the Supreme Court explained in *Intel*, "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." 542 U.S. at 256. As the claimant in the English Proceeding, Applicant is undisputedly an "interested person" who can seek Section 1782 discovery.

7

### B. The Respondents Reside Or Are Found In This District

*Second*, the Respondents from whom discovery is sought are banking and financial institutions that "reside" or are "found" in this District. Gluck Decl. ¶¶ 6-7, 12-13. A company is found where it is incorporated, headquartered, or "has systematic and continuous activities." *In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (citation omitted). Each of the Respondents either maintain headquarters or regularly do business within the Southern District of New York. Gluck Decl. ¶ 16. *See In re Ernesto Andrade Group*, 23 Misc. 424 (VSB) (GWG), 2024 WL 195568, at *1 (S.D.N.Y. Jan. 18, 2024) (finding the correspondent banks and The Clearing House "maintain offices and do business within the Southern District of New York").

In the context of Section 1782 discovery, the Second Circuit has exercised jurisdiction over these entities because "the discovery material sought proximately resulted from the respondent's forum contacts." *In re del Valle Ruiz*, 939 F.3d 520, 530 (2d Cir. 2019). As explained in the Gluck Declaration, The Clearing House owns and operates the world's largest U.S.-dollar payment system and is headquartered in New York City; the banks are all CHIPS participants and act as global correspondents for U.S. dollar payments through their New York offices. Gluck Decl. ¶ 15. The discovery sought – namely, records of U.S.-denominated wire transfers routed through New York City and documents related thereto – are in the possession and control of the Respondents and located in this District. *Id.* at ¶¶ 14, 16. This Court has granted similar applications seeking intermediary bank discovery from The Clearing House and the correspondent banks.[5] *Id.* at ¶ 18.

---

[5] *See, e.g.*, *In re Abraaj Investment Mgmt. Ltd.*, 20-MC-229 (VSB), 2023 WL 2674752, at *5 (S.D.N.Y. Mar. 29, 2023) ("The fact that Applicants cannot point to specific intermediary transactions is not cause for rejecting jurisdiction…in fact, it is the very reason that Applicants are seeking to subpoena the entities."); *In re JSC BTA Bank*, 577 F. Supp. 3d 262, 266 (S.D.N.Y. 2021), *appeal dismissed* (May 10, 2022) (finding Section 1782 requirements were met where intermediary bank "does business (including correspondent and intermediary banking) in the Southern District of New York," even where applicants did not provide evidence of specific transactions through the

Furthermore, it is reasonable to seek discovery from the Respondents in this District in relation to their banking activities in New York City, where they maintain offices and clearing centers for U.S. dollar-denominated wire transfers. *Id.* at ¶ 16. The Respondents all maintain electronic records of fund transfers and routinely produce such records without significant cost or objection. *Id.* Applicant anticipates serving the Respondents with subpoenas in this District upon the Court's issuance of an order authorizing discovery. Scott Decl. ¶¶ 27, 29-33. Given the Respondents' "minimal burden" in the discovery context – as they are asked only to provide evidence, not defend their conduct – it is wholly consistent with due process to authorize the requested discovery here. *Nike, Inc v. Wu*, 349 F. Supp. 3d 310, 334 (S.D.N.Y.), *aff'd* 349 F. Supp. 3d 346 (S.D.N.Y. 2018) (affirming magistrate order denying motion to quash and granting cross motion to compel); *see also In re Golden Meditech Holdings Ltd.*, 2024 WL 1349135, at *5 (explaining that in evaluating proportionality, "records and documents relating to wire transactions… are routinely subpoenaed in litigation") (citing *In re Fernando Celso De Aquino Chad*, No. 19MC261, 2019 WL 2502060, at *3 (S.D.N.Y. June 17, 2019); *In re Abraaj Inv. Mgmt. Ltd.*, No. 2023 WL 2674752, at *6; *In re Rodriguez Guillen*, No. 20 Misc. 102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020)).

## C. The Discovery Sought Is For Use In A Foreign Proceeding.

Applicant satisfies the final statutory requirement because he intends to use requested discovery in the pending English Proceeding. To meet the "for use" requirement, the applicant must demonstrate that the requested materials will "be employed with some advantage or serve some use in the proceeding." *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015). There is no

---

intermediary banks); *In re Inv. Bank PSC*, 567 F. Supp. 3d 449, 451 (S.D.N.Y. 2021) (finding Section 1782 requirements were met where intermediary bank "does business in the Southern District of New York" and applicants sought subpoenas "to reveal the existence and nature of suspected transactions[.]").

requirement that the discovery sought is "necessary for the party to prevail in the foreign proceeding." *Id.* at 298.

Here, the discovery sought will allow Applicant to identify all individuals and/or entities involved in the Smear Campaign against him. Scott Decl. ¶ 26. Additionally, the requested materials will form the basis for understanding the mechanics of the conspiracy behind the Smear Campaign and providing proof for the English Proceeding. *Id.* at ¶¶ 27, 32.

## V. THE DISCRETIONARY FACTORS FAVOR GRANTING THE APPLICATION

Once the statutory requirements are met, the court is free to grant discovery in its discretion." *Maubeni Am. Corp. v. LBA Y.K.*, 335 F. App'x 95, 96 (2d Cir. 2009) (quoting S*chmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83-84 (2d Cir. 2004)); *In re Metallgesellschaft AG*, 121 F.3d at 79 (instructing district courts to exercise their discretion in light of the Section 1782's twin aims). Here, in addition to satisfying the statutory requirements under Section 1782, the discretionary factors identified by the Supreme Court in *Intel* weigh strongly in favor of granting the Application.

The first *Intel* factor considers whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. This factor weighs in favor of granting discovery here because none of the Respondents are, or will be, parties to or participants in the English Proceeding. Scott Decl. ¶ 29. *See, e.g.*, *Intel Corp.*, 542 U.S. at 244 ("the need for §1782(a) aid is generally not as apparent as it ordinarily is when evidence is sought from a non-participant in the matter arising abroad"); *In re Fed. Republic of Nigeria*, 21 Misc. 7 (JGK) (VF), 2022 WL 4234556, at *5 (S.D.N.Y. Sept. 14, 2022) ("Here, Respondents are not parties to the English Proceeding.... The first factor thus weighs in favor of granting the application.").

The second *Intel* factor assesses "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government, court, or agency to

federal-court judicial assistance." *Intel*, 542 U.S. at 264. "[O]nly upon authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, should a district court refrain from granting the assistance offered by the act." *Esses v. Hanania*, 101 F.3d 873, 876 (2d Cir. 1996). Absent such authoritative proof, "courts have been instructed to tread lightly and heed only clear statements by foreign tribunals." *In re XPO Logistics, Inc.*, No. 15-mc-205, 2017 WL 2226593, at *6 (S.D.N.Y. May 22, 2017) (citation omitted); *see also In re Bloomfield Inv. Res. Corp.*, 18 MC 2608 (NGG) (CLP), 2018 WL 6418421, at *5 (E.D.N.Y. Dec. 6, 2018) ("The Second Circuit has instructed district courts to be liberal in permitting requested discovery."). The second *Intel* factor clearly favors Applicant because there is no evidence that the High Court would be unreceptive to the discovery sought here. Scott Decl. ¶ 30. Indeed, courts in this District have consistently found that "the courts in the United Kingdom … are [] receptive to Section 1782 discovery." *In re Batbold*, 21-MC-218 (RA) (OTW) 2021 WL 4596536, at *4 (S.D.N.Y. Oct. 6, 2021) (citing *La Suisse, Societe d'Assurances Sur La Vie v. Kraus*, 62 F. Supp. 3d 358, 362 (S.D.N.Y. 2014)); *see also In re JSC BTA Bank*, 577 F. Supp. 3d at 268; *In re Application of Patokh Chodiev*, 21 Misc. 423 (AT), 2021 WL 3270042, at *2 (S.D.N.Y. July 30, 2021).

The third *Intel* factor looks at "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. Importantly, this factor does not impose a "foreign-discoverability requirement." *Mees*, 793 F.3d at 303. Nor does this factor require an applicant to demonstrate it attempted to obtain the discovery from another source, such as the foreign tribunal, prior to seeking relief pursuant Section 1782. *Id.* (refusing to engraft "quasi-exhaustion" requirement onto Section 1782); *see also In re BNP Paribas Jersey Tr. Corp.*, 18-mc-00047 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018) ("Courts may grant § 1782 applications even where the applicant did not

11

first seek discovery in the foreign tribunal . . . or where the information sought was not discoverable under the laws of the foreign country at issue in the foreign proceeding."). This factor similarly weighs in favor of granting the Application because the evidence sought would likely be admissible in the English Proceeding and does not circumvent any law or policy that would bar such relevant evidence in English courts. Scott Decl. ¶¶ 29-30.

The fourth *Intel* factor examines whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. In assessing this factor, courts assess "whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *Mees*, 793 F.3d at 302. The Respondents maintain records of wire transfer activity and can easily search for and produce the requested records without burden or significant expense. Gluck Decl. ¶ 16. *See In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 39 (2d Cir. 2017) (summary order) (affirming grant of wire transfer discovery from certain banks located in New York); *In re Application of Hornbeam Corp.*, No. 14-mc-424 (Part 1), 2017 WL 2241522, at *2 (S.D.N.Y. May 22, 2017) (same). As noted above, the requested discovery is unquestionably relevant to the English Proceeding and will likely lead to additional, highly probative evidence regarding payments made to individuals and entities involved in the Smear Campaign. And because the request is narrowly tailored to a limited time period between October 1, 2023 and March 31, 2024 (i.e., the period of the initial planning and implementation of the Smear Campaign) and to specific individuals, entities, and bank accounts, it is not unduly burdensome. Scott Decl. ¶ 31. Thus, the fourth *Intel* factor also strongly weighs in Applicant's favor.

For these reasons, each of the four discretionary factors weigh in favor of granting the Application.

## **CONCLUSION**

In sum, the facts in the present matter meet the requirements of 28 U.S.C. § 1782. Consistent with the precedent cited above, Applicant respectfully requests that the Court (i) grant this Application in its entirety; (ii) enter the Proposed Order; (iii) authorize Applicant, pursuant to 28 U.S.C. § 1782 to serve successive subpoenas on the Respondents to obtain the requested discovery; and (iv) grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 21, 2024

HOLLAND & KNIGHT LLP

By: */s/ Warren E. Gluck*
Warren E. Gluck
Judith R. Nemsick
Kayla A. Joyce
787 Seventh Avenue, 31st Floor
New York, New York 10019
Telephone: (212) 513-3200
warren.gluck@hklaw.com
judith.nemsick@hklaw.com
kayla.joyce@hklaw.com
*Attorneys for Applicant*